[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an application by the City of Stamford pursuant to General Statutes 52-418 (a)4 to vacate an arbitration award by the Connecticut State Board of Mediation and Arbitration (SBMA).
The defendant Stamford Police Association (Association) is the collective bargaining unit for the police officers employed by the City of Stamford and the Association has moved to confirm the arbitration award.
This controversy began when a Sergeant Walkley of the Stamford Police Department was asked by the Plaza Theater in Stamford to operate and manage security at the theater during his off-duty hours. The Police Department ruled that the sergeant could not operate and control the extra duty activities at this theater himself, but rather that such management operation must be under the control of the chief of the police department.
On behalf of Sergeant Walkley the defendant Association filed a grievance which was rejected by the chief of police, and the matter was subsequently referred to the SBMA for arbitration. The arbitrator agreed with the defendant, and this application to vacate the arbitration award was thereafter filed by the plaintiff City of Stamford.
The background to this controversy is that extra duty jobs in the City of Stamford fall into two separate categories, the first run and operated by one of the police officers, and the other run by the Department itself. The first category is referred to as a "brokered" job. An example would be a retail store that every Saturday wanted a policeman to direct and manage motor vehicle traffic at its premises. This establishment might well hire a specific officer who would perform these duties every Saturday or, if he was unavailable for any reason, this officer would be responsible for procuring a substitute. This type of brokered extra duty job at a specific site is distinguished from, for example, a public event where, if an extra duty officer is required, the police department itself is involved and assigns and directs police officers at that site. This distinction is embodied in General Statutes7-284 which provides that if police protection is required at a "place of public amusement . . . the amount of such protection necessary shall be determined and shall be furnished by . . ." in this case, the chief of the Stamford Police Department.
In his decision the arbitrator referred to the "longstanding nature of this past practice," alluding apparently to the history of "brokered" extra duty assignments of Stamford police officers, and evidently agreed that the Palace Theater job fell into this category. The City argues that it is not seeking to terminate "brokered" off-duty police assignments, but only that this particular assignment at the theater does not fall within that category because it involves "a place of public CT Page 4391 amusement" in the words of the statute.
It appears to me, however, that there is an outstanding factual issue which needs to be resolved before the arbitrator's award can be either vacated or confirmed. This issue resolves around the dispute as to whether the Palace Theater extra duty job had ever been a "brokered job" in the past and therefore fell within the scope of the "past practices" provision of the contract between the City and the Association.
The City claims that the Palace Theater job had never been a brokered job in the past and the Association claims that it was. I find it impossible to resolve this dispute without this factual issue being first addressed and decided by the SBMA. If, in fact, the Palace Theater extra duty job had been "brokered" in the past, it should continue to fall into this category, and therefore the decision of the arbitrator should be confirmed. On the other hand, if this is not so, it would follow that pursuant to General Statutes 7-284 this extra duty job should fall under the jurisdiction of the Chief of the Stamford Police Department and the motion to vacate the arbitration award should be granted.
Accordingly, this matter is remanded to the SBMA with the direction that it take testimony and resolve the factual dispute as to whether this particular extra off-duty job at the Palace Theater had, or had not been "brokered" in the past.
SO ORDERED.
Dated at Stamford, Connecticut this twenty-first day of December, 1990.
LEWIS, J.